We therefore reject the district court's holding that the Government did not make out a case of intended illegality. In light of the Supreme Court's holding that the tapes themselves can be examined for proof that would establish the crime-fraud exception, the transcripts can be examined, and they appear to make out the Government's case on intended illegality. On remand the district court should admit the MCCS tapes into evidence, subject to any objections the parties might make at that time.[2]

REVERSED AND REMANDED.

## PLANNED PARENTHOOD OF SOUTHERN NEVADA, INC., Plaintiff–Appellant,

v.

## CLARK COUNTY SCHOOL DISTRICT; Members of the Board of School Trustees, individually and in their capacities as Trustees of the Clark County School District: Lucille Lusk; Dan Goldfarb; Patricia A. Bendorf; Virginia Brooks Brewster; Donald R. Faiss; Robert Forbus; Shirley Holst; Robert E. Wentz, individually and in his capacity as Superintendent of Schools; and the following Principals: Lanny R. Lund; A. Ray Morgan; Brian O. Fox, et al., Defendants–Appellees.

### No. 88–2659.

United States Court of Appeals, Ninth Circuit.

June 28, 1990.

Before GOODWIN, Chief Judge, BROWNING, WALLACE, HUG, TANG, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, NELSON, CANBY, NORRIS, REINHARDT, BEEZER, HALL, WIGGINS, BRUNETTI, KOZINSKI, NOONAN, THOMPSON, O'SCANNLAIN, LEAVY, TROTT, FERNANDEZ and RYMER, Circuit Judges.

### ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3.

## Kathleen A. POTTER, Plaintiff–Appellant,

v.

## SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.

### No. 89–2113.

United States Court of Appeals, Tenth Circuit.

May 4, 1990.

---

**2.** The issue of the potential illegality of the transcripts, mentioned by the Supreme Court, *see Zolin,* 109 S.Ct. at 2624 n. 5, is not properly before this court. The Church did not raise this issue in its original appeal, and we will not consider it on a later remand. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec,* 854 F.2d 1538, 1547–48 (9th Cir.1988).